UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LUIS ROJAS,
a/k/a "Len,"

Defendant.

**PROTECTIVE ORDER**

**20 Cr. 535 (GBD)**



Upon the application of the United States of America, Audrey Strauss, Acting United States Attorney for the Southern District of New York, Assistant United States Attorney Jacob R. Fiddelman, of counsel, and with the consent of the defendant, through counsel, for an order limiting the dissemination of any and all discovery materials produced in connection with the above-captioned case, which contains sensitive information, it is hereby ORDERED that:

1. **Disclosure Material**. The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material"). The Disclosure Material will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain parts of the Disclosure Material are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and

property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Disclosure Material"). Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for the purpose of defending this criminal action. The defense shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

4. Sensitive Disclosure Material must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (i.e. employed by or retained by counsel). Sensitive Disclosure Material may be reviewed by the defendant only in the presence of counsel, and the defendant may not retain or possess Sensitive Disclosure Material.

5. Any party wishing to file Sensitive Disclosure Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal.

6. The defense may disseminate Disclosure Material that is not Sensitive Disclosure Material only to the defendant, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for

the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendant.

7. The defense must destroy or return any Disclosure Material at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
       January 12, 2021

AUDREY STRAUSS
Acting United States Attorney
for the Southern District of New York

By: _____
    Jacob R. Fiddelman
    Mollie Bracewell
    Assistant United States Attorneys

COUNSEL FOR
LUIS ROJAS

By: _____
    Samidh Guha, Esq.

SO ORDERED:   **JAN 1 3 2021**

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

3